UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>Real property commonly known as 31<br>Stone Road, Voorheesville, New York<br>12186,<br>　　　　　　　　Defendant. | Civil Action No.　1:23-cv-1195 (GTS/CFH) |

## STIPULATION AND SETTLEMENT AGREEMENT

**WHEREAS**, this Stipulation and Settlement Agreement is entered into by and between the United States of America, acting through United States Attorney Carla B. Freedman and Assistant United States Attorney Elizabeth A. Conger, and Jake Hackstadt ("Claimant"), collectively referred to as "the Parties";

**WHEREAS**, on September 21, 2023, the government brought this civil forfeiture action against the real property commonly known as 31 Stone Road, Voorheesville, New York 12186 (the "Defendant Real Property") pursuant to 18 U.S.C. §§ 981(a)(1)(A), (C), and (D) as the proceeds of, and property involved in, violations of 18 U.S.C. §§ 1343 (wire fraud), 1956 (money laundering) and 1957 (engaging in monetary transactions in property derived from specified unlawful activity), and Rule G of the Supplemental Rules for Certain Admiralty or Maritime Claims and Asset Forfeiture Actions ("Supplemental Rule G"), (ECF No. 1);

**WHEREAS**, the government filed an Amended Verified Complaint for Forfeiture *in Rem* on September 29, 2023, (ECF No. 5);

**WHEREAS**, Claimant filed a Verified Claim to the Defendant Real Property on October 25, 2023, (ECF No. 10);

1

**WHEREAS**, Claimant filed a Verified Answer to the government's Amended Verified Complaint by and through his counsel, Attorney Brian W. Devane, on November 15, 2023, (ECF No. 13);

**WHEREAS**, the Parties, desiring settlement of this matter without the need for further litigation, agree to resolve this matter pursuant to the following terms:

**IT IS AGREED AND STIPULATED** that:

1. Claimant agrees to pay the United States of America $91,770.36 in U.S. currency in lieu of the government's forfeiture of the Defendant Real Property.

2. Payment of the $91,770.36 in U.S. currency shall be made to the United States of America through a single payment paid <u>on or before May 15, 2024</u> in the following manner: by a cashier's check made payable to the U.S. Marshals Service and mailed by overnight mail to the United States Marshals Service, Northern District of New York, PO Box 7260, 100 South Clinton Street, Syracuse, New York 13261, to the attention of Scarlett Nordman.

3. Upon receipt of Claimant's payment of $91,770.36 in U.S. currency, the government will submit to the Court a proposed Order of Forfeiture and Judgment for the forfeiture of the $91,770.36 in lieu of the forfeiture of the Defendant Real Property.

4. Upon the issuance of the Order of Forfeiture and Judgement, the United States will file for a release of the *lis pendens* filed upon the Defendant Real Property in the county where the Defendant Real Property sits and, upon receipt of said release, will file notice of the release of the *lis pendens* on the docket in the above-captioned matter.

5. Claimant agrees that he has not substantially prevailed in this matter.

6.  This Stipulation and Settlement Agreement is governed by the laws of the United States. The exclusive jurisdiction and venue for any dispute relating to this Stipulation and Settlement Agreement is the United States District Court for the Northern District of New York.

7.  For purposes of construing this Stipulation and Settlement Agreement, it shall be deemed to have been drafted by all Parties to this Stipulation and Settlement Agreement and shall not, therefore, be construed against any Party for that reason in any subsequent dispute.

8.  Claimant hereby releases and forever discharges the United States, its Agencies, their officers, agents, servants and employees, as well as their heirs, successors, or assigns, from any and all actions, causes of action, suits, proceedings, debts, dues, contracts, judgments, damages, claims and/or demands whatsoever in law or equity which they or their successors, or assigns ever had, now have, or may have in the future in connection with the above-captioned civil forfeiture matter.

9.  Claimant further agrees to indemnify, hold harmless, and save the United States, its Agencies, their officers, agents, servants and employees, and their heirs, successors, or assigns, from any other claims or litigation, including costs and expenses for or on account of any lawsuits or claims of any character whatsoever in connection with the above-captioned civil forfeiture matter.

10. This Stipulation and Settlement Agreement constitutes the complete agreement between the Parties and may not be amended except by written consent of both Parties.

11. The undersigned parties and individuals represent and warrant that they are fully authorized to execute this Stipulation and Settlement Agreement on behalf of the persons and entities indicated below.

12. This Stipulation and Settlement Agreement may be executed in counterparts, each of which constitutes an original and all of which constitute one and the same Stipulation and Settlement Agreement.

13. This Stipulation and Settlement Agreement is binding on the Claimant's successors, transferees, heirs, and assigns.

14. If payment of the $91,770.36 in U.S. currency is not received by the United States on or before May 15, 2024 and pursuant to the terms set forth herein, the United States may, at its option, file a Status Report advising the Court that Claimant is in breach of the Stipulation and Settlement Agreement and request issuance of a new deadline for the filing of its responses to Claimant's counterclaims, and will resume civil forfeiture proceedings against the Defendant Real Property.

15. Claimant's breach of the Stipulation and Settlement Agreement shall render null and void the government's requirement to perform any of its obligations set forth in paragraphs 3 and 4, *supra.*

16. This Stipulation and Settlement Agreement shall be effective as of the last date on which the Parties sign on the lines provided below.

Executed this 26 day of March, 2024.

CARLA B. FREEDMAN
United States Attorney, N.D.N.Y.
100 South Clinton Street
Syracuse, New York 13261-7198

*Elizabeth A. Conger*
Elizabeth A. Conger
Assistant United States Attorney
Bar Roll No. 520872

4

Executed this 21 day of March, 2024.

_____
Jake Hackstadt, Claimant

Executed this 22 day of March, 2024.

_____
Brian W. Devane, Esq.,
Attorney for Claimant
125 Adams Street
Delmar, New York 12054
Bar Roll No. 501138

SO ORDERED:

_____
Glenn T. Suddaby
U.S. District Judge

Dated: __March 27__, 2024
Syracuse, New York